**ROBINSON BROG LEINWAND GREENE** .
  **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
Steven B. Eichel
*Proposed Attorneys for the Debtor and Debtor in
Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re:                                          Chapter 11

**AUTORAMA ENTERPRISES INC. F/K/A**             Case No: 17-22040-rdd
**AUTORAMA ENTERPRISES OF BRONX,**
**INC.,**

                              Debtor.
----------------------------------------------------------X

**DEBTOR'S EMERGENCY MOTION**
**FOR ENFORCEMENT OF AUTOMATIC STAY AND CONTEMPT**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

   **Autorama Enterprises Inc. f/k/a Autorama Enterprises of Bronx, Inc.,** the debtor and

debtor in possession (the "Debtor"), by its proposed attorneys **Robinson Brog Leinwand**

**Greene Genovese & Gluck P.C.,** seeks the entry of an order, pursuant to section 362 of title 11

of the United States Code (the "Bankruptcy Code") (i) enforcing the automatic stay against

Apple Bank for Savings ("Apple") and the New York State Department of Labor ("NYS"), (ii)

releasing the levy placed on the Debtor's bank account at Apple, and (iii) finding Apple and

NYS in contempt and awarding sanctions, including attorneys' fees.  In support thereof, the

Debtor states:

## JURISDICTION AND VENUE

1.      Jurisdiction over this application is vested in the United States District Court for this District pursuant to 28 U.S.C. § 1334.

2.      This motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3.      This is a core proceeding arising under title 11 of the United States Code.  See 28 U.S.C. § 157(b)(1).  The statutory predicate for the relief sought is section 362 of the Bankruptcy Code.

4.      Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C § 1409.

## BACKGROUND

5.      The Debtor operates a tow truck company that responds to, among other things, accident scenes, DWI arrests, disabled vehicles and other issues involving cars and trucks that use the highways in the New York City area.  In connection with its tow truck business, the Debtor also operates an auto repair facility.

6.      On January 11, 2017, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy.

7.      On December 22, 2016, the Debtor received notice that NYS had placed a levy on its bank account no. 7330004370 at Apple.  The bank account contains approximately $70,000 of the Debtor's funds (the "Funds").  The notice stated that unless there was a release of the levy, Apple was to remit to NYS the amounts it was owed on account of unpaid taxes.  In order to

release the Funds as well as to reorganize its obligations, the Debtor filed for chapter 11 relief on

the Petition Date.  Upon filing its chapter 11 case, counsel to the Debtor contacted both Apple

and NYS to notify them of the Debtor's bankruptcy filing and the imposition of the automatic

stay and that the levy was to be released and the Funds to be released to the Debtor.  Both Apple

and NYS informed Debtor's counsel that the automatic stay was not applicable to NYS's levy

and that Apple intended to remit amounts due to NYS on January 12, 2017.  NYS additionally

refused to coordinate with Apple or take the necessary steps to have the levy released.  Counsel

to the Debtor subsequently informed Apple and NYS in writing that if funds were to be remitted

to NYS, such a transfer would be a violation of the automatic stay.  Copies of the

correspondence with Apple and NYS are attached hereto as **Exhibit A**.

8.      Because of Apple and NYS's failure to comply with the automatic stay, the

Debtor is forced to file this emergency motion to ensure that it has access to the Funds and that

the Funds are not remitted to NYS in violation of the automatic stay.

## **RELIEF REQUESTED**

9.      By this emergency motion, the Debtor requests that the Court enter an order (i)

enforcing the automatic stay, (ii) releasing the levy placed on the Debtor's bank account at

Apple, (iii) finding NYS and Apple in contempt and awarding appropriate sanctions, including

attorneys' fees for failure to release the levy; and (iv) granting such other relief as is just and

proper.

10.     By refusing to release the levy and continuing with their intention to remit the

Funds to NYS, both Apple and NYS have violated the automatic stay.  Section 362 of the

Bankruptcy Code acts as a stay, applicable to all entities of:

(1) the commencement or continuation, including the issuance or process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1), (3), (4), (5), and (6).

11.     Apple and NYS are acting in a manner that violates the automatic stay, by continuing their prepetition collection activities against the Debtor, seeking to obtain possession of the Debtor's property, by refusing to release the levy and continuing with their stated intention to effectuate a transfer of the Funds,.

12.     "It is well settled that a creditor has an affirmative duty under § 362 [of the Bankruptcy Code] to take the necessary steps to discontinue its collection activities against a debtor." *In re Parry*, 328 B.R. 655, 659 (Bankr. E.D.N.Y. 2005) (citation omitted).  By failing to release the levy and NYS's failure to assist the Debtor in the release of the levy, and continuing their intention of having the Funds transferred from Apple to NYS, both Apple and NYS are willfully violating the automatic stay.  *Id.* at 663-64 (failing to assist in the release of a lien is a violation of the automatic stay).

13.     It has been asserted by Apple that section 362(b)(9)(D) of the Bankruptcy Code
exempts from the automatic stay "the making of an assessment for any tax and issuance of a
notice and demand for payment of such an assessment."  11. U.S.C. § 362(b)(9)(D).  However,
section 362(b)(9)(D) of the Bankruptcy Code was not intended to authorize a transfer of assets
from the Debtor's estate.  "The exception to the automatic stay afforded in Section 362(b)(9)(D)
is not absolute and does not give [a taxing authority] free leeway to collect, garnish or seize the
bankruptcy estate's funds to pay a pre-petition tax debt.  *Lopez v. Dep't of the Treasury of the
Commonwealth of P.R. (In re Lopez)*, 492 B.R. 595, 604 (Bankr. D.P.R. 2013); s*ee also United
States Dep't of Treasury v. Owens,* 390 B.R. 808, 811 (W. D. Pa. 2008) ("section [362(b)(9)(D)
addresses what effect the automatic stay has on certain tax activities, and not what transfers are
specifically authorized by the Bankruptcy Code"); *Jacoway v. Dep't of Treasury (In re Graycarr,
Inc.),* 330 B.R. 741, 745 (W.D. Ark. 2005) (continuing a notice of levy constituted a collection
effort and violation of the automatic stay).  Accordingly, Apple and the NYS cannot use section
362(b)(9)(D) as a means to release the levy and make the funds available to the Debtor
regardless of the type of claim that NYS may have.  The Debtor fully intends on satisfying
NYS's claim through a plan of reorganization.  However, as this case is only one day old, until a
plan is filed, the levy must be immediately released and the Funds be made immediately
available to the Debtor.

14.     Additionally, this Court, pursuant to section 105 of the Bankruptcy Code, is
vested with the power to enforce its own orders by virtue of its contempt powers. *See Gibbons v.
Haddad (In re Haddad)*, 68 B.R. 944 (Bankr. D. Mass. 1987); *In re Johns Manville Corp.*, 26
B.R. 919 (Bankr. S.D.N.Y. 1983). The civil contempt power is necessary to protect "the due and

orderly administration of justice and in maintaining the authority and dignity of the court."

*Railway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).

15.      The power of the bankruptcy court to issue contempt orders extends to willful

violations of the automatic stay.   *In re Manchanda,* 2016 Bankr. LEXIS 2056 at *10 (Bankr.

S.D.N.Y. May 16, 2016).  Knowledge of the bankruptcy filing and automatic stay is required to

support a finding of contempt. *Id.* (citation omitted).  Here, as evidenced by correspondence

attached hereto, Apple and NYS were made aware of the bankruptcy filing and that the

automatic stay was in place.  Despite having actual knowledge of the bankruptcy and the

automatic stay, Apple continued to maintain the levy with the intention of remitting the Funds to

NYS, while NYS refused to assist the Debtor in releasing the levy.

16.      Accordingly, as an initial sanction, the Debtor's request that the Court use its

equitable powers under section 105 to award the Debtor the costs and fees associated with

making this emergency motion.  Apple and NYS had actual knowledge of the Debtor's

bankruptcy filings and automatic stay, yet refused the Debtor's request to release the levy, hiding

behind the incorrect assumption that section 362(b)(9)(D) acted as an exemption to the automatic

stay.  Accordingly, the Court should order Apple and NYS to bear the economic consequences of

forcing the Debtor to pursue this emergency motion, including payment of the Debtors' costs and

reasonable attorneys' fees.

17.      To the extent that Apple has remitted the Debtor's funds to NYS, that such funds

be returned immediately to the Debtor's estate.  If the Funds are not immediately returned, the

Debtor seeks an order requesting that the Court impose a fine against Apple and NYS that would

compel the prompt turnover of the funds.  Finally, to the extent that the Debtor suffers any

damages because of its inability to access the Funds, the Debtor will seek additional damages against Apple and NYS.

      **WHEREFORE**, the Debtor respectfully requests that this Court grant the relief sought in this motion and enter an order (i) enforcing the automatic stay and releasing the levy so that the Funds may be made available to the Debtor, (ii) finding Apple and NYS in contempt and awarding the Debtor's attorneys fees and costs associated with this motion, and (iii) granting the Debtor such other and further relief as may be just and proper

**Dated:**  New York, New York
       January 11, 2017

                     **ROBINSON BROG LEINWAND**
                      **GREENE GENOVESE & GLUCK P.C.**
                     Proposed Attorneys for the Debtor
                     875 Third Avenue, 9th Floor
                     New York, New York 10022
                     Tel. No.:  212-603-6300

                     By:   /s/ A. Mitchell Greene
                           A.  **Mitchell Greene**

## Exhibit A

### ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

#### 875 THIRD AVENUE

#### NEW YORK, NEW YORK 10022

——

**(212) 603-6300**

——

**Fax (212) 956-2164**

A. Mitchell Greene
(212) 603-6399
amg@robinsonbrog.com

January 11, 2017

**<u>VIA Email</u>**

Apple Bank
250 West 23rd Street
New York, New York
Attn:   Beverly Johns
bjohns@apple-bank.com

      RE:    <u>In re Autorama Enterprises Inc. f/k/a Autorama Enterprises of Bronx, Inc., Case
No. 17-22040</u>

Dear Ms. Johns:

      Please be advised that on January 11, 2017, Autorama Enterprises Inc. f/k/a
Autorama Enterprises of Bronx, Inc. (the "Debtor"), filed a voluntary petition pursuant to
Chapter 11 of the United States Bankruptcy Code with the Clerk of the United States Bankruptcy
Court, Southern District of New York.

      An Order for Relief was simultaneously entered upon the petition and the case
was assigned Bankruptcy Case number 17-22040.  For your convenience, we are enclosing a
copy of the Notice of Bankruptcy Case Filing.  Please be further advised that subject to
Bankruptcy Court approval, this firm is being retained as counsel to the Debtor.

      We are advised that the New York State Department of Taxation and Finance has
placed a legal hold on the Debtor's bank account no 7330004370 (the "Account"), maintained at
Apple Bank.  Please be advised that pursuant to the provisions of Section 362 of the United
States Bankruptcy Code, you are automatically stayed from taking any action against the Debtor,
taking any action to obtain possession of property of the Debtor or of its estate, or to exercise
control over any property of the Debtor or its estate or from continuing any action against the
Debtor.  Any willful violation of the Automatic Stay provisions of Section 362 of the United
States Bankruptcy Code may be deemed a contempt of a lawful court order and the Debtor may
seek appropriate remedies in the Bankruptcy Court.  Therefore, any hold on the Account or any
other account belonging to the Debtor must be immediately released and all funds are to be
immediately refunded to the Debtor's account.

{00834360.DOC;1 }

Please provide confirmation or evidence that the Accounts have been released to my associate, Clement Yee, at cy@robinsonbrog.com.

Please contact me with any questions.

Very truly yours,


By:   /s/ A. Mitchell Greene
      A. Mitchell Greene

enc.

United States Bankruptcy Court
Southern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 11 of the United
States Bankruptcy Code, entered on 01/11/2017 at
11:30 AM and filed on 01/11/2017.



**AUTORAMA ENTERPRISES INC.**
935 GARRISON AVENUE
BRONX, NY 10474
Tax ID / EIN: 13-4040101
*aka* **FKA AUTORAMA ENTERPRISES OF
BRONX, INC.**

The case was filed by the debtor's attorney:

**Arnold Mitchell Greene**
Robinson Brog Leinwand Greene
Genovese & Gluck, P.C.
875 Third Avenue
9th Floor
New York, NY 10022
(212) 603-6300

The case was assigned case number 17-22040.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, 300 Quarropas
Street, White Plains, NY 10601.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy**
**Court**

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/11/2017 11:36:19 | | | |
| **PACER Login:** | rb2609:3018045:0 | **Client Code:** | 099994.0000 |
| **Description:** | Notice of Filing | **Search Criteria:** | 17-22040 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

## 875 THIRD AVENUE

## NEW YORK, NEW YORK 10022

—

### (212) 603-6300

—

### Fax (212) 956-2164

A. Mitchell Greene
(212) 603-6399
amg@robinsonbrog.com

January 11, 2017

**VIA Fax 212 414 2741**

Apple Bank
250 West 23rd Street
New York, New York
Attn:   Levy and Restraining Orders Dept.

>   RE:   In re Autorama Enterprises Inc. f/k/a Autorama Enterprises of Bronx, Inc., Case No. 17-22040

To Whom It May Concern:

Please be advised that on January 11, 2017, Autorama Enterprises Inc. f/k/a Autorama Enterprises of Bronx, Inc. (the "Debtor"), filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code with the Clerk of the United States Bankruptcy Court, Southern District of New York.  A copy of the Notice of Bankruptcy Case Filing is enclosed.

We have advised Connie Moyer that the funds contained in the Debtor's bank account no 7330004370 (the "Account") at Apple Bank ("Apple") are property of the Debtor's estate and any transfer of these funds to a third-party is a violation of the automatic say provisions of the Bankruptcy Code.  The release any of these funds any party other than the Debtor, including, but not limited to, the New York State Department of Labor or the New York State Department of Taxation and Finance (together, "NYS"), shall be deemed a willful violation of the automatic stay under section 362 of the Bankruptcy Code.  If any funds are released to NYS, the Debtor will seek appropriate remedies against Apple in the Bankruptcy Court, including contempt of court, the return of the funds, and any damages suffered by the Debtor. Therefore, as stated in our previous letter, any hold on the Account or any other account belonging to the Debtor must be immediately released and all funds are to be immediately available to the Debtor.  Under no circumstances are the Debtor's funds to be transferred to NYS.

{00834503.DOC;1 }

Please be guided accordingly.

Very truly yours,


By:    /s/ A. Mitchell Greene
       A. Mitchell Greene

enc.

United States Bankruptcy Court
Southern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 11 of the United
States Bankruptcy Code, entered on 01/11/2017 at
11:30 AM and filed on 01/11/2017.



**AUTORAMA ENTERPRISES INC.**
935 GARRISON AVENUE
BRONX, NY 10474
Tax ID / EIN: 13-4040101
*aka* **FKA AUTORAMA ENTERPRISES OF
BRONX, INC.**

The case was filed by the debtor's attorney:

**Arnold Mitchell Greene**
Robinson Brog Leinwand Greene
Genovese & Gluck, P.C.
875 Third Avenue
9th Floor
New York, NY 10022
(212) 603-6300

The case was assigned case number 17-22040.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, 300 Quarropas
Street, White Plains, NY 10601.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/11/2017 11:36:19 | | | |
| **PACER Login:** | rb2609:3018045:0 | **Client Code:** | 099994.0000 |
| **Description:** | Notice of Filing | **Search Criteria:** | 17-22040 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

### 875 THIRD AVENUE

### NEW YORK, NEW YORK 10022

———

**(212) 603-6300**

———

**FAX (212) 956-2164**

A. Mitchell Greene
(212) 603-6399
amg@robinsonbrog.com

January 11, 2017

## VIA Fax and Overnight Mail

New York State Dept. of Labor
2400 Halsey Street
Bronx, New York 10461
Attn:  Eric Steinberg
Fax No. 718 823 3206

    RE:    In re Autorama Enterprises Inc. f/k/a Autorama Enterprises of Bronx, Inc., Case
           No. 17-22040

Dear Mr. Steinberg:

        Please be advised that on January 11, 2017, Autorama Enterprises Inc. f/k/a
Autorama Enterprises of Bronx, Inc. (the "Debtor"), filed a voluntary petition pursuant to
Chapter 11 of the United States Bankruptcy Code with the Clerk of the United States Bankruptcy
Court, Southern District of New York.

        An Order for Relief was simultaneously entered upon the petition and the case
was assigned Bankruptcy Case number 17-22040.  For your convenience, we are enclosing a
copy of the Notice of Bankruptcy Case Filing.  Please be further advised that subject to
Bankruptcy Court approval, this firm is being retained as counsel to the Debtor.

        We are advised that the New York State Department of Labor has placed a legal
hold on the Debtor's bank account no 7330004370 (the "Account"), maintained at Apple Bank.
Please be advised that pursuant to the provisions of Section 362 of the United States Bankruptcy
Code, you are automatically stayed from taking any action against the Debtor, taking any action
to obtain possession of property of the Debtor or of its estate, or to exercise control over any
property of the Debtor or its estate or from continuing any action against the Debtor.  Any willful
violation of the Automatic Stay provisions of Section 362 of the United States Bankruptcy Code
may be deemed a contempt of a lawful court order and the Debtor may seek appropriate
remedies in the Bankruptcy Court.  Therefore, any hold on the Account or any other account
belonging to the Debtor must be immediately released and all funds are to be immediately
refunded to the Debtor's account.

{00834414.DOC;1 }

Please provide confirmation or evidence that the Account has been released to my associate, Clement Yee, at cy@robinsonbrog.com.

Please contact me with any questions.

Very truly yours,

By:    /s/

A. Mitchell Greene

enc.

{00834414.DOC;1 }

United States Bankruptcy Court
Southern District of New York

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 11 of the United
States Bankruptcy Code, entered on 01/11/2017 at
11:30 AM and filed on 01/11/2017.

**AUTORAMA ENTERPRISES INC.**
935 GARRISON AVENUE
BRONX, NY 10474
Tax ID / EIN: 13-4040101
*aka* **FKA AUTORAMA ENTERPRISES OF
BRONX, INC.**

The case was filed by the debtor's attorney:

**Arnold Mitchell Greene**
Robinson Brog Leinwand Greene
Genovese & Gluck, P.C.
875 Third Avenue
9th Floor
New York, NY 10022
(212) 603-6300

The case was assigned case number 17-22040.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, 300 Quarropas
Street, White Plains, NY 10601.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/11/2017 11:36:19 | | | |
| PACER Login: | rb2609:3018045:0 | Client Code: | 099994.0000 |
| Description: | Notice of Filing | Search Criteria: | 17-22040 |
| Billable Pages: | 1 | Cost: | 0.10 |

### Robinson Brog Leinwand Greene Genovese & Gluck P.C.

#### 875 Third Avenue

#### New York, New York 10022

—

**(212) 603-6300**

—

**Fax (212) 956-2164**

A. Mitchell Greene
(212) 603-6399
amg@robinsonbrog.com

January 11, 2017

**VIA Fax and Overnight Mail**

New York State Dept. of Labor
2400 Halsey Street
Bronx, New York 10461
Attn:   Claudette Gray
          Eric Steinberg
Fax No. 718 823 3206

> RE:     In re Autorama Enterprises Inc. f/k/a Autorama Enterprises of Bronx, Inc., Case
>            No. 17-22040

Dear Ms. Gray:

We have advised Apple Bank ("Apple") that the funds contained in account no. 7330004370 (the "Account") are property of the Debtor's estate and any transfer of these funds to a third-party is a violation of the automatic say provisions of the Bankruptcy Code.  The release any of these funds to any party other than the Debtor, including, but not limited to, the New York State Department of Labor or the New York State Department of Taxation and Finance (together, "NYS"), shall be deemed a willful violation of the automatic stay under section 362 of the Bankruptcy Code.  Section 362(b)(9)(D) of the Bankruptcy Code does not provide an exemption for the payment of the taxes for which the levy was placed.  Rather section 362(b)(9)(D) pertains only to the "making of an assessment for any tax and issuance of a  notice and demand for payment of such an assessment," and not the payment of funds after the imposition of the automatic stay.  *See* 11 U.S.C. § 362(b)(9)(D).

Should NYS make any attempt to recover these funds or receive these funds, this will also be considered a willful violation of the automatic stay and the Debtor will seek appropriate remedies against NYS in the Bankruptcy Court, including contempt of court, the return of the funds, and any damages suffered by the Debtor.  If NYS receives any funds from the Account, such funds must be returned to the Debtor immediately.

{00834534.DOC;1 }

Please be guided accordingly

Very truly yours,

By: _____
A. Mitchell Greene

cc:  Enid Stuart (via email)
enc.

United States Bankruptcy Court
Southern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 11 of the United
States Bankruptcy Code, entered on 01/11/2017 at
11:30 AM and filed on 01/11/2017.

**AUTORAMA ENTERPRISES INC.**
935 GARRISON AVENUE
BRONX, NY 10474
Tax ID / EIN: 13-4040101
*aka* **FKA AUTORAMA ENTERPRISES OF**
**BRONX, INC.**



The case was filed by the debtor's attorney:

**Arnold Mitchell Greene**
Robinson Brog Leinwand Greene
Genovese & Gluck, P.C.
875 Third Avenue
9th Floor
New York, NY 10022
(212) 603-6300

The case was assigned case number 17-22040.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, 300 Quarropas
Street, White Plains, NY 10601.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/11/2017 11:36:19 | | | |
| **PACER Login:** | rb2609:3018045:0 | **Client Code:** | 099994.0000 |
| **Description:** | Notice of Filing | **Search Criteria:** | 17-22040 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |